UNITED STATES ex rel. ALLCORN v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.

United States District Court
S. D. New York.
March 24, 1953.

On Reargument April 3, 1953.

Blanche Freedman, New York City, for petitioner.

Myles J. Lane, New York City, for respondent.

EDELSTEIN, District Judge.

The relator, a 51 year old woman, is a native of Russia who alleges that she entered the United States in 1909 at the age of 8 and resided here for more than 40 years. She was naturalized in 1933. In 1947 she married a British subject and took up residence in Canada and England. The continuity of duration of her residence abroad is disputed, but in January of 1953 she arrived back in the United States and sought admission, claiming citizenship. However, she was detained for a hearing before a special inquiry officer on the issue of whether she had become expatriated by reason of her residence abroad. The decision of the inquiry officer was that she had become expatriated under the provisions of §§ 352(a) (2) and 101(a) (33) of the Immigration and Nationality Act, 8 U.S.C. §§ 1484(a) (2) and 1101(a) (33), 8 U.S.C.A. §§ 1484(a) (2) and 1101(a) (33); that she was not entitled to admission as a citizen; and that she be excluded from admission to the United States as an immigrant not in possession of a valid visa as required by law. The relator has appealed from this decision and the appeal is now pending administratively.

She applied for her release on administrative bail pending the determination of the appeal and the application was denied without a reason being given. Relator petitioned for a writ of habeas corpus, contending that the denial of bail was arbitrary.

Respondent takes the position that the relator, as an excluded alien, has no standing to raise the issue of the denial of due process in the refusal of bail. Cf., United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed 317. The relator argues that she has claim to status in this country which entitles her at least to the right a resident alien has to question the exercise of discretion under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, 8 U.S.C.A. § 1252. Cf. Kwong Hai Chew v. Colding, 344 U.S. 590, 73 S.Ct. 472. The first issue to be decided, therefore, is the status of the relator for the purposes of this writ.

She travelled to England on an American passport duly issued to her by the Department of State. In England she registered with the American Consulate at Southampton, who advised her from time to time of her rights and how to preserve and maintain her United States citizenship. There seems to be no dispute that she did not intentionally overstay the time limited for residence abroad, and that if she had been aware of the problem now confronting her, she would have returned in time to obviate it. A passport issued to her on December 5, 1952 is stamped valid until August 20, 1953 and bears the certification as follows: "I certify that the holder of this passport has submitted to me evidence which I believe to be sufficient to overcome as of this date the presumption of expatriation under Section 402 of the Nationality Act of 1940 [8 U.S.C.A. § 802]." Compare Shaughnessy v. United States ex rel. Mezei, 73 S.Ct. 625, wherein the Court "assimilated" the relator to the status of an entrant alien: the relator had without authorization or reentry papers simply left the United States and remained behind the Iron Curtain for 19 months. Though intent may be immaterial to the issue of expatriation under the statute, it seems reasonable,

for the purposes of this writ, to credit her intent on the subject of permanent residence so that she may be "assimilated" at least to the status of a resident alien for constitutional purposes.

To hold, as the respondent urges, that the relator must be considered merely as an excluded alien is to assume the answer to the very question pending on administrative appeal, with the prospect of serious prejudice to her should the appellate tribunal decide the issue to the contrary. In that event, we should have had a citizen deprived of her liberty without having been permitted even the procedural due process accorded a resident alien. To hold that she has the status to question the exercise of discretion is to run a much smaller risk of prejudice, particularly since no reason has been given for the refusal of bail and the return merely alleges that the relator's presence in this country "may be inimical to the public interest inasmuch as it appears that her husband has been refused a visa to enter the United States on the ground that he is a member of one of the subversive classes excluded by law * * *." Furthermore, the relator has been given a hearing on the question of exclusion. If she were without doubt merely an entrant alien, it would not be necessary to afford her any hearing at all. The respondent may well claim that the hearing has been given as a matter of grace rather than as a matter of right. But it is nevertheless apparent that for practical purposes a hearing was required, and a similar practicality requires, in my opinion, that she be "assimilated" at least to the status of a resident alien for the purpose of questioning the exercise of discretion under § 242 of the Act, 8 U.S.C. § 1252, 8 U.S.C.A. § 1252.

Since no attempt has been made to justify the exercise of discretion in the refusal of bail, it seems clear that the denial was arbitrary. Accordingly, the writ will be sustained unless, within 10 days, a proper basis for the exercise of discretion in denying bail is advanced, or unless the relator is enlarged on bail pending the hearing and determination of the expatriation issue by the Court of Immigration Appeals.

On Reargument

The writ was conditionally sustained on the basis that relator's status, in the circumstances presented, could be "assimilated" at least to that of a resident alien, and thus, in effect, the case could be treated as one of deportation rather than of exclusion. The "assimilation" proceeded from a refusal to hold or assume, for the purposes of this writ, that the relator is merely an excluded alien, because the precise issue pending on administrative appeal is whether or not she is an alien. However, on reargument, the issue was met by calling attention to § 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c), 8 U.S.C.A. § 1226(c), which makes the decision of the special inquiry officer final unless reversed upon appeal. Since the special inquiry officer has the authority to render such a "final" decision, there is no room for any holding or assumption by the court about the relator's status. She is an excluded alien under the presently effective "final" order, and must be so considered unless or until that order is reversed. Consequently, she has no standing to raise the issue of the denial of due process in the refusal of bail, and the writ will be dismissed.