UNITED STATES of America

v.

Kenneth L. BAUM, Defendant.

No. 91–60–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 5, 1992.

Paul G. Cassell, Asst. U.S. Atty., Norfolk, Va., for U.S.

Charles R. Burke, Virginia Beach, Va., for defendant.

OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

Defendant pled guilty to procuring $263,200 in home loans by fraudulent misrepresentations, in violation of 18 U.S.C. §§ 1343 and 2. On September 23, 1991, the court sentenced defendant to twelve months imprisonment and $4,050 in fines. Defendant filed notice to appeal his sentence on October 2, 1991, and on October 4, 1991, defendant moved to stay execution of his sentence of imprisonment and fines pending appeal. By order of October 23, 1991, the court denied defendant's motion.[1] *See United States v. Baum*, 777 F.Supp. 6 (E.D.Va.1991). This matter comes before the court on defendant's Motion for Reconsideration of Release Pending Appeal, filed February 21, 1992. For the reasons stated below, the court GRANTS defendant's renewed motion.

I. Standards of Review

Rule 9(b) of the Federal Rules of Appellate Procedure requires a defendant to apply to the district court for an initial determination of any motion for release after conviction and pending appeal. The rule provides further: "Thereafter, if an appeal is pending, a motion for release ... pending review *may be made* to the court of appeals or to a judge thereof." Fed.

---

1. The court, however, had granted defendant's request at the sentencing hearing on September 23, 1991, to delay reporting to serve his sentence for thirty days while the Bureau of Prisons made a designation of institution for incarceration.

R.App.P. 9(b) (emphasis added). Defendant first moved for release on October 4, 1991, and this court denied that motion. Although Rule 9(b) permits defendant to seek review of his motion before the United States Court of Appeals for the Fourth Circuit, it does not require that he do so. In light of new and subsequent authority in support of his position on appeal, defendant chose instead to renew his motion before this court. Because this court now grants defendant's renewed motion for release, a ruling by this court on defendant's motion in no way prejudices him. Furthermore, an immediate decision better serves the interests of justice.

Title 18 U.S.C. § 3143(b) sets out the criteria for defendant's release pending appeal. With exceptions not relevant here,

the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ..., be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i)   reversal,

(ii)  an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b) (Supp.1991). The burden to establish these criteria rests with defendant. Fed.R.App.P. 9(c).

## II.  Discussion

### A.  No Risk of Flight or Danger

■ The court continues to find that defendant has satisfied his burden under 18 U.S.C. § 3143(b)(1)(A). Defendant has promptly and properly appeared at all scheduled meetings of the court, at all appointments with Pretrial Services, Probation and Parole, and with his defense counsel. Defendant also surrendered himself for service of his sentence after remaining at liberty for a period of thirty days. *See supra* note 1. Defendant, therefore, has established by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.[2] Defendant also has now satisfied the court that this appeal is not for purpose of delay, and, for the reasons stated below, that this appeal raises a substantial question of law likely to result in a prison sentence reduced to a term that is less than the total of the time already served plus the expected duration of the appeal process.[3]

### B.  Appeal Raises Substantial Question of Law

Defendant has appealed this court's application of United States Sentencing Guideline § 2F1.1(b)(1), which contains a table that increases the offense level based on the amount of the "loss" resulting from offenses involving fraud or deceit. At the sentencing hearing, the court found as a fact that the amount of the loss was $263,-

---

**2.** The court never considered defendant a risk of flight or danger to the community and instead denied defendant's first motion for release after finding that defendant had not raised a substantial question of law likely to result in a change to his sentence. *See Baum,* 777 F.Supp. at 6–7.

**3.** Defendant pled guilty and is not contesting that plea. Therefore, reversal of his conviction or an order of a new trial are not at issue. The only issue is the possible remand for recalculation of his guideline sentence.

Defendant has served approximately four and a half months of a twelve-month sentence. Defendant could potentially obtain a new sentence range of 0–6 months. *See infra* note 5. At this juncture, based upon defendant's presentence report and the record in this case, the court would impose a sentence of at least six months, at the top of this range. Any revised sentence, however, would follow a new sentencing hearing at which the court would consider evidence of actual or intended loss and recalculate the loss enhancement, if any, in accordance with the Fourth Circuit's decision. *See infra* note 4.

200, the amount defendant fraudulently induced the banks to lend him. Thus, the court measured the loss by the value of the loans deceptively obtained. *See Baum*, 777 F.Supp. at 7. This decision was based on the weight of authority and on the relevant commentary to the sentencing guidelines at that time. *See id.* at 7–8.

Defendant continues to contend, however, that the banks' security interest in the houses should offset or reduce the loss to the banks, thus making the amount of loss $0 [4] and reducing his guideline range from 12–18 months to 0–6 months.[5] Since October 23, 1991, the date on which the court denied defendant's first motion for release, the commentary for the sentencing guideline calculation of loss in cases of fraudulently obtained loans has completely changed, and the Fourth Circuit has adopted the changed definition of loss suggested by the amended commentary. These developments raise a substantial question of law that would have the potential of reducing defendant's sentence.

1. Amendments to Sentencing Guideline Commentary

The Sentencing Commission has made significant amendments to the commentary to U.S.S.G. § 2F1.1, effective November 1, 1991, since this court rendered its decision on defendant's first motion for release and well after defendant's sentencing date. Most importantly, the commentary now directly addresses fraudulent loan application cases. *See* U.S.S.G. § 2F1.1, Commentary, note 7(b) (Nov.1991). The Commission has revised note 7 to define specifically the loss in fraudulent loan application cases: "[T]he loss is the actual loss to the victim (or if the

loss has not yet come about, the expected loss)." The Commission elaborated this definition of loss with an example:

> [I]f a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered, or can expect to recover from any assets pledged to secure the loan.

Other amended notes in the commentary similarly reflect the Commission's intent with respect to the calculation of loss. For instance, note 8 of the 1990 commentary suggested that "the offender's *gross* gain from committing the fraud" was an acceptable estimate of the loss. U.S.S.G. § 2F1.1, Commentary, note 8 (Nov.1990) (emphasis added). Note 8 of the 1991 commentary now refers merely to the "offender's gain." In addition, note 10 previously left within the court's discretion the decision whether to depart downwardly in cases in which the total dollar loss overstated the seriousness of the offense. The 1990 version of note 10 cited as an example "understating debts to a limited degree in order to obtain a substantial loan which the defendant genuinely expected to repay." U.S.S.G. § 2F1.1, Commentary, note 10 (Nov.1990). In contrast, note 10 of the 1991 revised commentary makes no mention of such a situation warranting a downward departure.[6]

The court leaves unanswered the question whether the amendments to the commentary apply retroactively to defendant's sentence, insofar as the amendments reveal the Commission's intent in the earlier ver-

---

**4.** Defendant's position assumes as a matter of fact that the property is saleable and that its sale price will completely offset the loan amounts, even in the currently depressed real estate market. No such evidence, however, was before the court at sentencing. If the court of appeals remands for resentencing, then this court would first have to determine as a matter of fact the fair market value of the property secured by the loans, if no sale or "actual loss" has yet occurred.

**5.** The basic offense level for defendant's crime is 6. U.S.S.G. § 2F1.1(a). Assuming that a recalculated loss amount does not increase defendant's offense level, and because defendant is in Criminal History Category I of the guidelines, his sentencing range would be 0–6 months.

**6.** When this court initially considered defendant's motion for release pending appeal, it relied on all three of these commentary notes to support its decision. *See Baum*, 777 F.Supp. at 7.

sion.[7] Regardless of the retroactive application of these changes, the results recently reached in this circuit and others, *see infra* at 7–8, now potentially undermine this court's calculation at defendant's sentencing and raise a substantial question of law that justifies release of defendant pending appeal.

## 2. Conflict Among the Circuits

When this court sentenced defendant and made its initial decision on defendant's motion for release pending appeal, the majority of the circuits that had considered the definition of loss in cases of fraudulently obtained loans had measured loss by the value of the loans deceptively obtained. *See, e.g., United States v. Brach*, 942 F.2d 141, 143 (2d Cir.1991) ("For sentencing purposes, it is enough to recognize that Brach put [the victim] at risk for the full amount of $250,000."); *United States v. Johnson*, 941 F.2d 1102, 1114 (10th Cir.1991) (victim's reacquisition of property through foreclosure does not diminish defendant's culpability and responsibility for the fraudulent scheme he masterminded); *United States v. Cockerham*, 919 F.2d 286, 289 (5th Cir.1990) ("loss includes the value of all property taken, even that recovered or returned"). *But see United States v. Schneider*, 930 F.2d 555, 559 (7th Cir.1991) (only case at time of defendant Baum's sentencing that suggested calculation of loss based on actual loss to victim, if defendant intended and was able to repay loan). However, since the time of defendant's sentencing and initial release motion, other circuits, including the Fourth Circuit, have adopted the same method of computing loss from fraud offenses as suggested in the changed commentary to U.S.S.G. § 2F1.1 discussed above. *See United States v. Rothberg*, 954 F.2d 217, 218 (4th Cir.1992) ("the amount recovered or reasonably anticipated to be recovered from collateral that secures a loan should be con-

sidered in calculating the amount of the actual loss."); *United States v. Kopp*, 951 F.2d 521, 536 (3d Cir.1991) ("fraud 'loss' is ... the amount of money the victim has actually lost (estimated at the time of sentencing), not the potential loss as measured at the time of the crime"); *United States v. Smith*, 951 F.2d 1164, 1167 (10th Cir.1991) ("loss must reflect the value of the property securing the loans"). Thus, the circuits now differ about the calculation of loss in fraud cases.

Of most relevance to defendant's appeal of his sentence, and thus to the question whether this court should release defendant pending his appeal, is the Fourth Circuit's recent decision in *United States v. Rothberg*, 954 F.2d 217 (4th Cir.1992). In *Rothberg*, the defendant was convicted of fraudulently obtaining a loan. The district court had refused to enhance the defendant's offense level because the defendant did not intend for the bank to suffer any loss and because actual loss was speculative. The Fourth Circuit remanded for resentencing after finding that the district court had sufficient evidence "to calculate a reasonable estimate of the range of [the actual] loss." *Id.* at 219 (citing U.S.S.G. § 2F1.1, Commentary, note 8 (Nov.1990)). The court held that "the amount recovered or reasonably anticipated to be recovered from collateral that secures a loan should be considered in calculating the amount of the actual loss." *Id.* at 218. The Fourth Circuit, therefore, has adopted a definition of loss different from the definition used by this court to calculate defendant's sentence under the guidelines. This recent Fourth Circuit decision, together with the emerging conflict among the circuits and the revised commentary to U.S.S.G. § 2F1.1, raises a substantial question of law that potentially reduces defendant's prison sentence.

■ Although defendant has satisfied the conditions for release pending appeal,

---

**7.** As the Third Circuit stated in discussing the retroactive application of these amendments: "Technically, the post-sentencing amendments are subsequent legislative history, always a controversial interpretive tool. As subsequent legislative history, the amendments do not di-

rectly apply retrospectively to earlier sentencings, but they may still have limited relevance as indications of what the guidelines in effect here meant." *United States v. Kopp*, 951 F.2d 521, 534 (3d Cir.1991); *see id.* at 527 n. 9.

as set out in 18 U.S.C. § 3143(b), his release is subject to further provisions of section 3143(b):

> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, *except that* in the circumstance described in [section 3143(b)(1)(B)(iv) ], the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1) (emphasis added). In defendant's case, the substantial question of law at best will result in a reduced sentence pursuant to section 3143(b)(1)(B)(iv),[8] thereby making the above statutory exception applicable. Accordingly, the court is required to terminate defendant's detention "at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1). As explained, *supra* note 3, defendant's likely reduced sentence is six months. Thus, defendant's sentence shall be terminated at the expiration of six months.

### III. Conclusion

Defendant's appeal of the court's calculation of loss at sentencing raises a substantial question of law likely to result in remand for resentencing. Accordingly, defendant's motion for release pending appeal of his sentence is GRANTED.[9] Pursuant to 18 U.S.C. § 3143(b), and based on the likely six-month sentence defendant would receive if he prevails on appeal, the court ORDERS defendant's sentence terminated effective April 23, 1992, six months from the date he began serving his sentence. Termination of defendant's sentence is subject to his meeting and performing the conditions of his supervised release as set out in the Judgment and Commitment Order, entered September 27, 1991.

The Clerk is DIRECTED to send a copy of this order to defendant; defendant's counsel; the United States Attorney at Norfolk; the United States Marshal at Norfolk; the United States Bureau of Prisons; and the United States Probation Office at Norfolk.

It is so ORDERED.

---

**8.** This subsection provides for release when the defendant has raised "a substantial question of law ... likely to result in ... a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). The likely reduced sentence of six months is less than the total of the time already served plus the expected duration of the appeal process.

**9.** Although defendant requested a hearing on his renewed motion for release pending appeal, a hearing and argument would not aid the decisional process because the facts and legal contentions are adequately presented in the current record before the court.