**UNITED STATES of America**

**v.**

**Doris Jean McCONNELL and Marsha McConnell, Defendants.**

**No. 2:98cr10011.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

April 22, 1999.

---

Steven Randall Ramseyer, Rick A. Mountcastle, U.S. Attorney's Office, Abingdon, VA, for U.S.

Frederick Wayne Adkins, Cline, Adkins & Cline, Norton, VA, Sydney Strother Smith, III, Abingdon, VA, Gilbert K. Davis, Davis & Stanley, L.L.C., Fairfax, VA, for Defendants.

**OPINION AND ORDER**

JONES, District Judge.

The defendants Doris Jean McConnell and Marsha McConnell have jointly moved for stays of execution of their sentences of imprisonment, imposed April 9, 1999. Pursuant to Fed.R.App.P. 9(a)(1), this opinion sets forth the court's reasons for denying the motions.

The Federal Rules of Criminal Procedure provide that a sentence of imprisonment must be stayed if an appeal is taken and the defendant is released pending disposition of the appeal. Fed.R.Crim.P. 38(b). The Federal Rules of Appellate Procedure provide that the decision regarding release must be made in accord with the applicable provisions of the Bail Reform Act. Fed.R.App.P. 9(c). That Act provides, in pertinent part, that a defendant who has filed an appeal must be detained unless the court finds as follows:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143(b)(1) (West Supp. 1999).

While I am able to make the requisite finding contained in subsection (A) of section 3141(b) above, I cannot find that the appeal raises a substantial question of law or fact, as required in subsection (B). In this context, a "substantial question" is a 'close' question or one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195 (4th Cir.1991) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Whether a question is substantial is decided on a case-by-case basis. *Id.*

The sole issue on appeal, according to the defendants, is the court's imposition

of a two-level increase in the offense level for more than minimal planning. *See* U.S. Sentencing Guidelines Manual § 2F1.1(b)(2)(A) (1998). "Minimal planning" is present in any case "involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." USSG § 1B1.1, comment. (n.1(f)). It is clear in the present case that the defendants' acts of submitting false billings to the Department of Labor, over a period of years, fall into this category. *See United States v. Marcum,* 16 F.3d 599, 603 (4th Cir.1994) (holding that defendant's skimming from bingo games twice a week over two-year period constituted more than minimal planning).

Moreover, the guidelines also provide that " '[m]ore than minimal planning' exists if significant affirmative steps were taken to conceal the offense, other than conduct [involving obstructing or impeding the administration of justice.]" USSG § 1B1.1, comment. (n.1(f)). Here the evidence showed that the defendants kept false records to conceal their fraudulent billings.

■ The court of appeals may review this court's factual determinations of guideline adjustments such as this one only under a clearly erroneous standard. *See United States v. Daughtrey,* 874 F.2d 213, 217–18 (4th Cir.1989). The defendants have not identified any such error in this court's determination of the adjustment, and accordingly, I am not able to certify that their appeal raises a substantial question.

■ Finally, even were I able to make all the necessary findings (which I am not), the defendants would not be entitled to

release at the present time because of the limited nature of their appeal.

Doris Jean McConnell was found to have a total offense level of 15, with a criminal history category of I, and Marsha McConnell was found to have a total offense level of 14, also with a criminal history category of I. Each defendant was sentenced to 21 months imprisonment. If each defendant were successful on appeal in reducing her total offense level by two levels, Doris Jean McConnell would be resentenced to imprisonment in a range of 12 to 18 months (level 13, category I) and Marsha McConnell would be resentenced in a range of 10 to 16 months (level 12, category I). Even after a successful appeal, I find that both defendants likely would be resentenced to 16 months imprisonment.

Section 3143(b)(1)(B) further provides that:

> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C.A. § 3143(b)(1)(B). Since the circumstance described in subparagraph B(iv) is the only possible result of a successful appeal for the defendants,[1] any release from detention could only come after they had first served the likely term of imprisonment assuming there had not been a two-level increase. *See United States v. Baum,* 785 F.Supp. 570, 574 (E.D.Va.1992).

---

1. Even that is unlikely, since the defendants have not yet spent any time in custody and it is doubtful that their appeal process will take over 13 months and 28 days, which would be their expected imprisonment if they were successful on appeal, taking into account the available "good time" credit allowed by 18 U.S.C.A. § 3624(b) (West Supp.1999). The

medium time interval from filing of notice of appeal to final disposition for criminal appeals in the Fourth Circuit for the 12–month period ending September 30, 1997, was 11.5 months. Administrative Office of the United States Courts, *Judicial Business of the United States Courts,* Table B–4, at 98.

Accordingly, for the foregoing reasons, it is **ORDERED** that the motion for stay of execution of sentence is denied.