UNITED STATES of America,
Plaintiff–Appellant,

v.

Herbert J. ROTHBERG,
Defendant–Appellee.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Herbert J. ROTHBERG, Defendant–
Appellant.

Nos. 91–5307, 91–5308.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1991.

Decided Jan. 17, 1992.

As Amended March 2, 1992.

Richard William Westling, Sp. Asst. U.S. Atty., Alexandria, Va., argued (Kenneth E. Melson, U.S. Atty., William G. Otis, Sr. Litigation Counsel, Daniel J. Graber, Sp. Asst. U.S. Atty., David A. Barger, Asst. U.S. Atty., Alexandria, Va., on the brief), for plaintiff-appellant.

Gregory Bruce English, Jacobovitz, English & Smith, Alexandria, Va., for defendant-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## OPINION

WILKINS, Circuit Judge:

Herbert J. Rothberg was convicted of obtaining credit from a financial institution by fraudulent means, 18 U.S.C.A. § 1344(2) (West Supp.1991), and making a false statement on a loan application, 18 U.S.C.A. § 1014 (West Supp.1991). The Government appeals the refusal of the district court to enhance Rothberg's offense level for the amount of loss. *See* United States Sentencing Commission, *Guidelines Manual,* § 2F1.1(b)(1) (Nov. 1990). Finding that the sentencing court erred in failing to determine the actual loss, we vacate Rothberg's sentence and remand for resentencing.[1]

## I.

Rothberg wanted to refinance a condominium that he jointly owned with his wife but was frustrated in this effort because his wife would not permit the condominium to be further encumbered. In order to obtain the loan without his wife's agreement, Rothberg misrepresented to bank officials that his wife was seriously ill and requested that the bank relax its requirement that a bank officer be present when closing documents are executed. The bank agreed and Rothberg, accompanied by an unidentified woman, went to a notary public where the woman forged Mrs. Rothberg's signature on the refinance documents. The bank disbursed $480,000 in loan proceeds and acquired a deed of trust for the condominium, which was appraised at approximately $600,000.

After discovering the forgery, the bank submitted an insurance claim to Ticor Title Insurance Company. Ticor paid the bank $480,112.71, the amount of the loan proceeds and accrued interest, in exchange for the note and deed of trust. Additionally, Ticor purchased Mrs. Rothberg's interest in the property for $178,000. The Government also presented testimony indicating that Ticor had incurred expenses and fees in excess of $49,000.

The presentence report recommended a nine-level enhancement to Rothberg's base offense level of six for a loss exceeding $350,000. *See* U.S.S.G. § 2F1.1(b)(1)(J). The report also suggested that a two-level enhancement for more than minimal planning was appropriate. *See* U.S.S.G. § 2F1.1(b)(2)(A). Combined with a Criminal History Category I, the result was a guideline range of 24–30 months imprisonment. The Government did not object to the proposed findings.

Rejecting the positions advanced in the presentence report, the court first determined as a factual matter that Rothberg's conduct did not involve more than minimal planning.[2] Next, the court refused to increase Rothberg's offense level for an amount of loss, concluding that the circumstances surrounding the offense indicated that Rothberg did not intend for anyone to suffer a loss as a result of the transaction and that the actual loss that might be suffered was too speculative for calculation. The district court then sentenced Rothberg to six months probation and a $5,000 fine.

## II.

The United States Sentencing Commission promulgated section 2F1.1 to establish the base offense level for a wide variety of fraudulent offenses. *See* U.S.S.G. § 2F1.1, comment. (backg'd). This guideline primarily seeks to reflect the seriousness of fraudulent conduct by assessing the amount of loss suffered by the victim and evaluating "whether the offense was an isolated crime of opportunity or was sophisticated or repeated." *Id.* To calculate loss, the commentary instructs the district court to use the greater of the actual loss suffered or the intended or probable loss the defendant attempted to inflict. *See* U.S.S.G. § 2F1.1, comment. (n. 7).

■ The Government maintains that the sentencing court erred in failing to enhance Rothberg's sentence for an amount of loss, arguing that a defendant who makes a false loan application must always be

---

1. Rothberg elected to abandon his appeal, No. 91–5308. Consequently, it is dismissed.

2. The Government elected not to appeal this finding.

found to have caused or intended a loss in the amount of the loan sought. Relying on *United States v. Johnson*, 908 F.2d 396 (8th Cir.1990), the Government further contends that the value of the collateral held as security for the fraudulently obtained loan should not be considered as a basis for reducing the amount of the loss. We do not read *Johnson* to support this position.

In *Johnson*, the sentencing court found that the defendant attempted to inflict a greater loss on the bank than the amount of the loan reduced by the amount of collateral recovered by the bank. *Id.* at 398. Consequently, the Court of Appeals for the Eighth Circuit found that the district court had correctly calculated the defendant's offense level under section 2F1.1(b)(1) based on the intended loss rather than the actual loss. *See id.; see also United States v. Smith*, 951 F.2d 1164 (10th Cir.1991); *United States v. Schneider*, 930 F.2d 555, 559 (7th Cir.1991) (interpreting *Johnson* similarly). Thus, because *Johnson* dealt with intended loss it does not stand for the proposition that collateral securing a loan should not be considered in determining actual loss. We hold that the amount recovered or reasonably anticipated to be recovered from collateral that secures a loan should be considered in calculating the amount of actual loss.[3]

 The district court chose not to increase Rothberg's offense level under section 2F1.1(b)(1), concluding that as far as intended loss was concerned, Rothberg did not intend for the bank to suffer any loss and that as far as actual loss was concerned, it could not be calculated. The finding that Rothberg intended no loss is a factual one, and we cannot say the court was clearly erroneous. *See United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989) (factual determinations by sentencing court reviewed for clear error). Regarding actual loss, the court found that the amount was too speculative to be ascertained because Ticor might be able to re-

cover its damages in a civil proceeding from the eventual sale of the condominium or from other assets owned by Rothberg. This reasoning was misdirected. Whether Ticor may recover from Rothberg's other assets is akin to restitution and is not a proper consideration in determining the loss suffered as a result of the fraud. We find that the evidence concerning the value of the condominium at the time the offense was discovered and the reasonable expenses incurred by Ticor was sufficient to permit the district court to calculate "a reasonable estimate of the range of loss." U.S.S.G. § 2F1.1, comment. (n. 8). Consequently, we remand for resentencing.

VACATED AND REMANDED FOR RE-SENTENCING.

---

**3.** We note that U.S.S.G. § 2F1.1, comment. (n. 7(b)) (Nov. 1991) addresses this issue specifically and instructs the court that generally "the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered, or can expect to recover, from any assets pledged to secure the loan."