968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sunday Osas OGBEIDE, a/k/a Sunday Osas Okunbor, Defendant-Appellant.
 No. 91-5060.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 8, 1992
Decided: July 14, 1992
 
 Gregory W. Franklin, Richmond, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Roger W. Frydrychowski, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sunday Osas Ogbeide, a/k/a Sunday Osas Okumbur or Okunbor, pled guilty to conspiracy to commit bank fraud, mail fraud, and credit card fraud (18 U.S.C. § 371 (1988)) and also pled guilty to one count of aiding and abetting bank fraud (18 U.S.C. § 1344 (1988 & Supp. II) and 2 (1988)). He appeals the sentence imposed and we affirm.
 
 
 2
 Ogbeide contends that the amount of loss was incorrectly determined to be $340,000, the combined credit limit of all the credit cards for which his co-defendants made fraudulent applications, instead of the lesser amount of cash and merchandise actually obtained. Alternatively, Ogbeide argues that guideline section 2X1.1* rather than section 2F1.1 should have been used in calculating the offense level of the two counts, because the fraud was never more than an incomplete conspiracy or an attempt to obtain $340,000, and that a three-level decrease should have been made under section 2X1.1(b)(2).
 
 
 3
 Application Note 7 to guideline section 2F1.1 states that if a probable or intended loss that the defendant was attempting to inflict can be determined, that figure should be used if it is larger than the actual loss. Ogbeide argues that the probable loss was impossible to determine because it was unlikely that the conspirators would have used each card to the limit of available credit and because to do so would have required much more effort on their part. However, the district court found that the intended loss was the amount of credit for which the conspirators here had applied. The district court's finding of intended loss is a factual one, United States v. Rothberg, 954 F.2d 217 (4th Cir. 1992), and does not appear to be clearly erroneous. The defendants used the credit cards they obtained and could be expected to use the additional cards they applied for.
 
 
 4
 Ogbeide and his two co-defendants all pled guilty to conspiracy and bank fraud. His two co-defendants also pled guilty to credit card fraud, fraud in connection with identification documents, and fraudulent use of social security numbers. Therefore, Ogbeide cannot argue that the object offense was incomplete or that his offense level could have been decreased under section 2X1.1(b)(2). See United States v. Strickland, 935 F.2d 822 (7th Cir. 1991) (reduction under § 2X1.1 not available after conviction of bank fraud even though defendants had not obtained or spent proceeds).
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 6
 FN*United States Sentencing Commission, Guidelines Manual (Nov. 1990).