8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne HESS, Defendant-Appellant.
 No. 93-5181.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 26, 1993.
Decided: October 21, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Donald L. Stennett, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Dwayne Hess appeals the sentence he received following his guilty plea to one count of aiding and abetting the theft of property used by the United States Postal Service (18 U.S.C. # 8E8E # 1707, 2 (1988)). We affirm.
 
 
 2
 Dwayne Hess and Kelvin Graley robbed a West Virginia post office in December 1990, taking 1126 blank money orders, eight "bait money orders," a Postal Service money order imprinter, four metal lock boxes, $25 in currency, and $574 in postage stamps. Hess, Graley, and James Hall then imprinted three of the money orders and attempted to cash them, apparently without success.
 
 
 3
 Graley was arrested shortly afterward on other charges. A receipt for one of the stolen money orders was found on him and pieces of three stolen money orders, which had been completed, were in his truck. In January 1991, Hess was questioned and confessed to taking part in the post office robbery. Most of the stolen items and 1100 of the blank money orders were recovered. Most of the stolen stamps were not recovered.
 
 
 4
 At sentencing, the district court determined that the amount of loss included the maximum value of the blank money orders had they been cashed. This resulted in a total loss of $788,688, and a twelve-level increase under section 2B1.1(b)(1)(M).* With a three-level reduction for acceptance of responsibility, Hess's offense level was thirteen. His guideline range was 15-21, and he was sentenced to a term of fifteen months. Hess was ordered to make restitution of $749, which included $509 for the unrecovered stamps.
 
 
 5
 Hess first contends on appeal that the district court should not have valued the blank money orders because they were not property which was "used by" the Postal Service within the meaning of § 1707. Because this particular argument was not made in the district court, the district court's treatment of the money orders as property "used by" the Postal Service is reviewed for plain error. United States v. Bornstein, 977 F.2d 112, 1115 (4th Cir. 1992). We find that the Postal Service "used" the money orders in offering them for sale, and the district court did not plainly err when it included them in the loss valuation.
 
 
 6
 Next, Hess asserts that the district court erred in considering potential loss when it added the value of the blank money orders. The district court's determination of the amount of loss is a factual issue reviewed under the clearly erroneous standard. United States v. Rothberg, 954 F.2d 217, 219 (4th Cir. 1992). Relying on United States v. Baum, 974 F.2d 496 (4th Cir. 1992), Hess maintains that the district court was required to make findings concerning intended, probable, or otherwise expected loss. Baum, however, followed Rothberg in holding that, when a loan is fraudulently obtained but the defendant does not intend the lender to suffer a loss, the value of any security interest and payments made on the loan should be deducted from the amount of the loan to determine actual loss. 974 F.2d at 499. Both cases involved a determination of loss in a fraud offense. U.S.S.G. § 2F1.1, comment. (n.7(b)). In United States v. Bailey, 975 F.2d 1028, 1031 (4th Cir. 1992), this Court held that intended losses are considered only in attempt crimes under section 2F1.1.
 
 
 7
 Hess's offense was a completed theft, not a fraud. The district court applied the definition of loss given in Application Note 2 to section 2B1.1, which is simply the value of the property taken. The full value of each blank money order was $700. The district court was not clearly erroneous in using the full value for which each money order could have been cashed as the amount of loss. See United States v. Jenkins, 901 F.2d 1075, 1083-84 (11th Cir.) (face value of stock certificates), cert. denied, 498 U.S. 901 (1990).
 
 
 8
 Hess argues that his was a partially completed offense because not all the money orders were imprinted or cashed, and that the district court should have treated it as an attempt and given him a three-level reduction under section 2X1.1(b)(1). This issue is raised for the first time on appeal and is reviewed for plain error. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S. 1993). Hess again overlooks the fact that he pled guilty to theft, an offense he completed. The value of the property he stole determines his offense level, whether or not he personally benefitted from what he stole. See U.S.S.G. § 2B1.1, comment. (n.2) (loss is value of stolen vehicle even if it is recovered immediately). The district court did not plainly err in treating the offense as complete.
 
 
 9
 Although he made no objection to the restitution order in the district court, Hess complains on appeal that the district court erred in requiring him to make restitution of $509 for unrecovered postage stamps without making a finding that the stamps have been used. We find no plain error; as has already been discussed, the Postal Service suffered a loss in the amount of the value of the stamps regardless of whether they were used.
 
 
 10
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)