16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth L. BAUM, d/b/a Regional Investment Corporation;
Pamela Warfield Larson, Defendants-Appellants.
 No. 93-5067.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 29, 1993.
Decided: February 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-91-60-N)
 Howard M. Miller, St. Clair, Miller & Marx, P.C., Norfolk, Virginia, for appellants.
 Kenneth E. Melson, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN ART, AND REMANDED.
 Before HAMILTON and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth L. Baum entered a guilty plea to wire fraud, 18 U.S.C.A. Sec. 1343 (West Supp.1993), and his wife, Pamela Warfield Larson, entered a guilty plea to making a false statement on a loan application in violation of 18 U.S.C.A. Sec. 1014 (West Supp.1993). Both crimes were committed when Baum and Larson fraudulently obtained refinancing for their residence. On the first appeal of their sentences, we remanded for resentencing in light of United States v. Rothberg, 954 F.2d 217 (4th Cir.1992), which was decided during the pendency of the appeal. United States v. Baum, 974 F.2d 496 (4th Cir.1992). Baum and Larson now contest various aspects of the sentence imposed on remand, and have moved to submit new evidence concerning restitution. As explained below, we deny the motion to submit new evidence on appeal, and we approve the sentence in all respects except the order of restitution, which we vacate and remand for compliance with 18 U.S.C. Sec. 3663(e)(1) (1988).
 
 
 2
 Baum and Larson first assert that the district court clearly erred in finding, on resentencing, that they had not accepted responsibility for their offenses, although they had each received a two-level reduction under guideline section 3E1.1[1] in the first sentencing proceeding. Normally, the mandate rule precludes relitigation of all issues previously decided on appeal or in the district court, including those foregone on appeal by the appellant, or otherwise waived. United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993) (Bell II ). However, the district court may reopen an issue in exceptional circumstances, as when significant new evidence becomes available. Id.
 
 
 3
 Prior to the resentencing hearing, Baum and Larson filed a motion for new counsel in which they suggested that the district court lacked jurisdiction over the offense and that as a result there was a serious question as to their guilt. This issue had been raised and abandoned by Baum before the first sentencing in 1991. Baum and Larson further claimed that their attorney had coerced them into entering guilty pleas. Although both defendants had received an acceptance of responsibility reduction in the first sentencing without objection from the government, the district court decided that the pro se sentencing memorandum showed that they had not in fact accepted responsibility for their criminal conduct.
 
 
 4
 Because the memorandum was new evidence of Baum's and Larson's state of mind which had not been available to the district court at the first sentencing, the court was justified in reconsidering the issue. Moreover, the motion disclosed a recalcitrant attitude which was inconsistent with acceptance of responsibility despite their guilty pleas. U.S.S.G. Sec. 3E1.1, comment. (n.3). The district court's finding was thus not clearly erroneous.
 
 
 5
 The district court correctly used the actual loss of $55,359.12, which was known by the date of resentencing, rather than recalculating the expected loss according to the information available at the first sentencing, as Appellants contend it should have done. In a case involving a fraudulent loan application, guideline section 2F1.1 uses the greater of actual or expected loss. U.S.S.G.Sec. 2F1.1, comment. (n.7(b)). There would have been no benefit to Appellants in calculating the expected loss once the actual loss was known.
 
 
 6
 Although Baum and Larson claim on appeal that the amount of actual loss was incorrectly calculated, they did not dispute it in the district court. The issue has thus been forfeited, Bell, 5 F.3d at 66, and it receives only plain error review. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). We do not find plain error in the calculation.
 
 
 7
 At the first sentencing hearing and in resentencing Baum and Larson, the district court found that both had engaged in more than minimal planning. U.S.S.G. Sec. 1B1.1, comment. (n.1(f)). Appellants did not raise this issue in their first appeal, but they contested it in the resentencing proceeding. Because the issue was forfeited by the failure to raise it in the first appeal, we review this question also for plain error.
 
 
 8
 The district court found that both Baum and Larson had done more than was necessary to commit their offenses in simple form, in that both participated in the creation and presentation of a series of falsified documents to obtain the loan.[2] The court found that even if, as Larson claimed, she merely signed blank documents which were later completed by Baum, Larson had nevertheless assisted in carrying out the scheme by attending the settlement and signing documents there which were consistent with the false documents submitted to obtain the loan. The court's finding is not plainly erroneous. See United States v. Fox, 889 F.2d 357, 361 (1st Cir.1989) (providing chain of false documents to obtain loan involved more than minimal planning); cf. United States v. Brach, 942 F.2d 141, 145 (2d Cir.1991) (obtaining fraudulent loan in substantial amount seldom the result of minimal planning); United States v. Foster, 898 F.2d 25, 27 (4th Cir.1990) (offense involved more than minimal planning because it was not done on spur of moment).
 
 
 9
 Next, Baum and Larson maintain that the court should have awarded them credit for time they spent on release pending appeal after the district court terminated their previous sentences in March 1993 and ordered them to begin complying with the conditions of their supervised release. This issue was raised briefly during the resentencing proceeding; the district court informed Baum and Larson that they would not receive credit for time on supervised release. However, the district court is not authorized to determine the credit due against a defendant's sentence. That must be done by the Attorney General after a defendant begins to serve his sentence. United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S.1992). Whether or not Baum and Larson are ultimately due any credit for time spent on supervised release status, the district court did not err in refusing to award them credit at the time they were sentenced.
 
 
 10
 Finally, Baum and Larson maintain that the district court abused its discretion in imposing restitution of $55,359.12 and fines of $4000 and $10,000 without making a finding on their ability to pay.
 
 
 11
 Before ordering a defendant to pay restitution, the sentencing court must make specific findings concerning the amount owed to the victim and the defendant's financial resources, needs, and earning abilities. 18 U.S.C.A. Sec. 3664(a) (West 1985 & Supp.1993); United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.1987). The court may either make findings of fact on the Sec. 3664(a) factors, or it may satisfy its duty under Bruchey by adopting a presentence report that makes adequate recommended findings. United States v. Molen, --- F.3d ----, No. 92-5788 (4th Cir. Nov. 9, 1993). An order of restitution with which the defendant cannot possibly comply is an abuse of discretion. United States v. Bailey, 975 F.2d 1028, 1033 (4th Cir.1992).
 
 
 12
 The presentence report explained the couple's financial situation in detail. In response to defense counsel's argument that Baum and Larson were unable to make restitution or pay a fine, the district court found that Baum and Larson were "educated people, capable of holding down jobs, without dependents other than themselves," who should be required to pay the maximum restitution despite their current lack of assets. The court's findings address the defendants' ability to pay, and appear to be sufficient to satisfy the requirements of Sec. 3664(a) and Bruchey. Both Baum and Larson have attended college, though neither graduated, and both claim many years of experience working for real estate firms, mortgage companies, and financial service firms. Therefore, the court did not abuse its discretion in finding that Baum's and Larson's backgrounds and abilities could enable them to pay the restitution and fines ordered.
 
 
 13
 However, under 18 U.S.C. Sec. 3663(e)(1) (1988), the sentencing court may not order restitution "with respect to a loss for which the victim has received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent that such person paid the compensation." Bruchey, 810 F.2d at 459.[3] In this case, the district court failed to inquire whether Freddie Mac would be compensated for its loss, and consequently did not specify whether Baum and Larson were required to make restitution to any person who compensated Freddie Mac.
 
 
 14
 Because the district court may not modify the judgment at this stage except on remand, see Fed.R.Crim.P. 35, we vacate the sentence and remand the case for the limited purpose of allowing the district court to comply with Sec. 3663(e)(1). When reimposing judgment, the court should specify whether Baum and Larson are to make restitution to any entities who may have compensated Freddie Mac.
 
 
 15
 The district court's judgment is affirmed in all other respects. We deny Appellants' motion to present new evidence which was not available to the district court, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 Baum and Larson concealed their marriage and transferred the house from Baum to Larson, falsely representing that she had rented the house since 1984. They misrepresented Larson's employment and her salary, and submitted numerous false supporting documents. At the settlement, they falsely represented that the house was being sold for $180,000 and that Larson had made a cash payment to Baum
 
 
 [3]
 Bruchey dealt with former 18 U.S.C. Sec. 3579(e)(1) (1988), applicable to offenses committed between January 1, 1983, and November 1, 1987; it is identical to Sec. 3663(e)(1)