28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lyle Robert DUSSAULT, Defendant-Appellant.
 No. 93-5764.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 5, 1994.
Decided: June 9, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CR-92-101-1-C)
 Fred T. Heblich, Parker, McElwain & Jacobs, P.C., Charlottesville, Va., for appellant.
 Robert P. Crouch, Jr., United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before WILLIAMS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lyle Robert Dussault was convicted of two counts each of theft of mail, theft of mail by a postal employee, and fraudulent use of a credit card in violation of 18 U.S.C. Secs. 1708, 1709 (1988), and 15 U.S.C. Sec. 1644 (1988). He appeals his conviction and sentence. For the reasons set forth below, we affirm.
 
 I.
 
 2
 Dussault's first assertion of error on appeal is that the district court erred in admitting evidence pursuant to Fed.R.Evid. 404(b) where Dussault was given only eight days notice of its intended use. He contends that eight days is not "reasonable notice" as contemplated by Fed.R.Evid. 404(b). The district court's admission of evidence under Rule 404(b) is subject to an abuse of discretion standard, and will only be overturned if the judge's decision was " 'arbitrary or irrational.' " United States v. Haney, 914 F.2d 602, 607 (4th Cir.1990) (quoting United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988)).
 
 
 3
 The Rule 404(b) evidence to which Dussault objected was the testimony of two witnesses regarding a purchase allegedly made by Dussault with a stolen credit card, an offense for which Dussault was not charged or tried. The circumstances of this case reveal that most of the Rule 404(b) evidence was in Dussault's possession at least one month prior to trial, that the Government gave immediate notice of the evidence as soon as it was made aware the evidence existed, and that the evidence was merely tangential to the overall case. Accordingly, we find that in this case, eight days was reasonable notice within the meaning of Rule 404(b). We find the district court did not abuse its discretion in its determination that notice was reasonable.
 
 II.
 
 4
 Dussault next claims error in the calculation of his sentence pursuant to the United States Sentencing Commission, Guidelines Manual, Sec. 2F1.1 (Nov.1992). He contends that the amount of loss incurred in his fraudulent use of three credit cards was incorrectly determined to be in excess of $5000, resulting in a two point increase in his offense level. Dussault asserts that $1072.30 should not have been included in the amount of loss, because Dussault was prevented from completing the purchase when the cashier kept the credit card after she discovered that it had been reported stolen.
 
 
 5
 The application notes to Sec. 2F1.1 provide that the sentencing judge in a fraud case should use the greater of the actual loss or the intended loss the defendant attempted to cause. U.S.S.G.Sec. 2F1.1, comment. (n.7). The district court's finding of intended loss is a factual one, to be set aside only if clearly erroneous. United States v. Rothberg, 954 F.2d 217, 219 (4th Cir.1992) (citing United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989)).
 
 
 6
 We find that omitting the additional $1072.30 from the calculation of the actual or intended loss caused by Dussault merely because Dussault was prevented from charging that amount due to the diligence of a store clerk would be inconsistent with U.S.S.G.Sec. 2F1.1, comment. (n.7). Accordingly, we find that the two point increase in Dussault's total offense level based on a loss of over $5000 was not clearly erroneous, and we affirm the judgment of the district court.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED