46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John T. MAZZOLA, Defendant-Appellant.
 No. 92-5252.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1994.
Decided Jan. 12, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Beaufort. Solomon Blatt, Jr., Senior District Judge. (CR-90-523)
 Parks N. Small, Federal Public Defender, Columbia, SC, for Appellant. John S. Simmons, U.S. Atty., Scott N. Schools, Asst. U.S. Atty., Charleston, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 John T. Mazzola was convicted by a jury of bank fraud and submitting a materially false statement in support of a loan application, for which he received a sentence of eighteen months imprisonment followed by a three-year term of supervised release. Mazzola appeals his sentence, contending that the district court erred in determining the loss attributable to his conduct to be $170,000.
 
 
 2
 In August 1988, Mazzola entered into a contract to purchase residential real property known as Spanish Wells Plantation, in Hilton Head Island, South Carolina. After obtaining financing in the amount of $860,000, Mazzola applied to North Carolina National Bank of South Carolina (NCNB) for $200,000 to finance the remaining portion of the sales price. In support of that loan application, Mazzola submitted a purported contract for the sale of property which he owned in Lake Arrowhead, Georgia; the sales price shown was $275,000. On his financial statement, Mazzola listed the value of the Lake Arrowhead property as $250,000, with mortgages totalling $72,000. The NCNB loan was a "bridge loan," to be repaid in its entirety within thirty days of closing on the sale of the Lake Arrowhead property. As security for the loan, NCNB took a third mortgage on the Lake Arrowhead property and a second mortgage on yet another property Mazzola owned in Atlanta.
 
 
 3
 The Lake Arrowhead sale did not take place and, eventually, the property was sold for $100,000 at foreclosure. A subsequent investigation by NCNB revealed that the sales contract had been falsified. The loan commitment letter issued to the purported buyer, which was submitted by Mazzola along with his loan application, was also falsified.
 
 
 4
 Mazzola was convicted in October 1991 on both counts of an indictment charging him with bank fraud and submitting a materially false statement in a loan application, in violation of 18 U.S.C. Secs. 1344(a)(2) and 1014. In computing his sentence, the district court determined the amount of loss caused by Mazzola's conduct to be $170,000: the amount of the NCNB loan ($200,000), less the excess of Lake Arrowhead's eventual sales price ($100,000) over the two senior mortgages ($70,000). The guideline range, based on a total offense level of 15 and a Criminal History Category of I, was eighteen to twenty-four months imprisonment. Mazzola received the minimum sentence. He noted a timely appeal.
 
 
 5
 The district court's findings at sentencing as to the amount of loss suffered by a party is a finding of fact reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989). Crimes involving fraud and deceit are assigned a base offense level of six, with additional points assigned based on the magnitude of the loss associated with the offense. United States Sentencing Commission, Guidelines Manual, Sec. 2F1.1 (Nov.1993). The Application Notes define loss in the case of a fraudulent loan application as:
 
 
 6
 the actual loss to the victim (or if the loss has not yet come about, the expected loss). For example, if a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan. However, where the intended loss is greater than the actual loss, the intended loss is to be used.
 
 
 7
 USSG Sec. 2F1.1, comment. (n.7(b)). In calculating actual loss, the district court should consider "the amount recovered or reasonably anticipated to be recovered from collateral that secures the loan." United States v. Rothberg, 954 F.2d 217, 219 (4th Cir.1992). In addition, the guidelines provide that "the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information." USSG Sec. 2F1.1, comment. (n.8).
 
 
 8
 Mazzola contends that the amount of loss attributable to his conduct should be zero because the value of the properties used as collateral at the time he applied for the loan was sufficient to pay the NCNB loan; hence his intended loss was zero. Mazzola claims that any loss incurred by NCNB was due to declining market conditions between the time he applied for the loan in 1989 and the time the property finally sold in 1992. However, Mazzola's emphasis on his intended loss is misplaced. In a case involving a fraudulent loan application, the guidelines "instruct the district court to use the greater of the actual loss suffered or the intended or probable loss the defendant attempted to inflict." Rothberg, 954 F.2d at 218; USSG Sec. 2F1.1. Therefore, even if Mazzola could show that his intended loss was zero, the actual loss incurred by NCNB was at least $170,000.
 
 
 9
 We find the district court's conclusion on the amount of loss suffered by NCNB was not clearly erroneous. Accordingly, the judgment of the district court is affirmed. We dispense with oral argument by consent of the parties and because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED