67 F.3d 298
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Wayne TWIFORD, Defendant-Appellant.
 No. 95-5040.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 12, 1995.
Decided Sept. 22, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-94-70)
 Gary R. Hershner, HERSHNER & JACOBS, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, David T. Maguire, Assistant United States Attorney, Sara E. Heath, Special Assistant United States Attorney, Christopher H. Macturk, Third Year Law Student, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dennis Wayne Twiford was indicted on six counts of bank fraud. He was tried by a jury and found guilty on all counts. Twiford appealed. For the reasons that follow, we affirm Twiford's conviction and sentence.
 
 
 2
 Twiford's father owned an automobile auction business known as Auto Interiors Cleaning and Body Repair ("Auto Interiors"). The dayto-day operations of the business were handled by Twiford with the assistance of his brother, Stanley. NationsBank and Bank of Essex contracted with Auto Interiors to sell vehicles at auction. The proceeds were to be paid to the banks. Twiford required the banks to either sign over the vehicle titles or provide a power of attorney so he could transfer the titles and immediately receive the proceeds from the auctions.
 
 
 3
 After selling the vehicles, Twiford failed to pay the banks. When NationsBank and Bank of Essex did not receive the money, they attempted to contact Twiford. In response to inquiries about the status of the proceeds, Twiford and his workers would offer excuses, such as: the company was experiencing internal problems; the company was training a new secretary; the computer and phone lines were down; the employee who worked on the computer was sick; they were working on it; and the money was in the mail and it would be there any day.
 
 
 4
 Twiford, along with his father and brother, had deposited the money from the auctions in Auto Interiors' bank accounts at two separate banks. The Twifords spent the money immediately. One account was overdrawn within a month of being opened. When NationsBank confronted Twiford, demanding payment, Twiford told the bank that the Auto Interiors' bank accounts were frozen because a secretary had embezzled money. Twiford promised to pay the money as soon as possible. Despite such repeated promises, neither bank was ever paid.
 
 
 5
 At the conclusion of the evidence, Twiford moved for judgment of acquittal. The motion was denied. Prior to sentencing, Twiford objected to the loss valuation in the presentence report, claiming that the vehicles had been overvalued. The district court overruled the objection and sentenced Twiford in accord with the values set forth in the report. Twiford appealed his conviction and sentence, alleging that the district court erred in denying his motion for acquittal and in accepting the loss valuation in the presentence report. In addition to appellate counsel's brief, Twiford filed a pro se supplemental brief wherein he alleged that there was insufficient evidence to convict and that the indictment materially varied from the evidence at trial. We grant Twiford's motion to file a pro se brief and we have considered the arguments raised therein.
 
 I.
 
 6
 This court has held that the standard of review applicable to a denial of a motion for judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). The Government presented ample evidence that after auctioning the vehicles, Twiford placed the proceeds from the auctions in bank accounts and thereafter used that money for personal and business expenses. When contacted by the banks about the money, Twiford fraudulently relayed excuses regarding future payments in an effort to delay the banks.
 
 
 7
 Twiford alleged that it was his brother, not he, who defrauded the banks, and that he had nothing to do with the scheme. To bolster this allegation, Twiford claimed the witnesses who said they spoke to Twiford on the phone were not credible because these witnesses never met Twiford. In determining whether there is substantial evidence, this court neither weighs the evidence nor considers the credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984). Accordingly, this claim lacked merit and the district court properly denied the motion for judgment of acquittal.
 
 II.
 
 8
 In the course of sentencing Twiford, the district court determined that the loss suffered by the banks was over $70,000. This amount was taken from the presentence report. The loss was determined by using figures provided by an auto leasing company from Texas. Twiford objected to the use of values determined by a company from Texas on the ground that used cars are worth more in Texas than in Virginia. Twiford, however, offered no evidence to substantiate this allegation. The district court's determination of the amount of loss is a factual issue reviewed under the clearly erroneous standard. United States v. Rothberg, 954 F.2d 217, 219 (4th Cir.1992). Since Twiford offered no evidence to substantiate his allegation that values for vehicles in Texas were different than those in Virginia, there is no basis to find that the determination was clearly erroneous, and we will not disturb the district court's finding.
 
 III.
 
 9
 In his supplemental brief, Twiford claims that there was insufficient evidence to support his conviction. This court affirms a conviction challenged on sufficiency of the evidence grounds if, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser, 315 U.S. at 80; Jackson v. Virginia, 443 U.S. 307, 319 (1979). If substantial evidence supports the verdict, it must be sustained. Glasser, 315 U.S. at 80.
 
 
 10
 Twiford claimed that, since the banks approached him to sell the vehicles, there was no evidence that he fraudulently schemed to acquire the banks' money. As set forth above, the Government presented ample evidence that Twiford fraudulently retained the auction proceeds. It was irrelevant that the banks willingly did business with Twiford. Accordingly, this claim is without merit.
 
 IV.
 
 11
 In his supplemental brief, Twiford contends that the evidence presented at trial differed from the indictment. Twiford claims that his conviction should be vacated because the Government failed to prove that he used a "scheme or artifice" to influence the banks to use Auto Interiors to auction their vehicles. See 18 U.S.C.A. Sec. 1344 (West Supp.1995). Twiford alleged that the Government introduced evidence of crimes other than those charged in the indictment. He does not, however, elaborate on what this other evidence was, or suggest what other crimes the evidence supported.
 
 
 12
 A variance between the indictment and the evidence that does not modify the elements of a crime charged does not invalidate a conviction unless it prejudices the defendant. United States v. Odom, 736 F.2d 104, 118 (4th Cir.1984). Twiford failed to show how the evidence introduced at trial modified the elements of the crime of bank fraud. United States v. LeDonne, 21 F.3d 1418, 1425-27 (7th Cir.) (false statement or misrepresentation is not an element necessary to sustain bank fraud conviction), cert. denied, 63 U.S.L.W. 3420 (U.S.1994); United States v. Schwartz, 899 F.2d 243, 246 (3d Cir.) (same), cert. denied, 498 U.S. 901 (1990). Additionally, the record does not support a finding that Twiford was prejudiced. The indictment fairly apprised him of the charges, and he is not subject to subsequent prosecutions for the same charges. See United States v. Schnabel, 939 F.2d 197, 203 (4th Cir.1991) (variance is prejudicial if it does not apprise defendant of charges or defendant is subject to subsequent prosecution for same crime). Accordingly, this claim is without merit.
 
 
 13
 In light of the foregoing, we affirm Twiford's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 
 14
 AFFIRMED.