**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4759

JAMES RICKY BRYANT,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-97-76, CR-97-108)

Submitted: February 27, 1998

Decided: March 18, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to his guilty pleas, James Ricky Bryant was convicted on one count each of bankruptcy fraud (18 U.S.C. § 157(1) (1994)) and making false statements to a bank (18 U.S.C.A. § 1014 (West 1997)). On appeal, Bryant challenges the district court's decisions enhancing his base offense level for obstruction of justice [1] and declining to grant his motion for a downward adjustment for acceptance of responsibility.[2] Bryant also challenges the district court's calculation of the amount of loss resulting from his fraudulent activities and the amount of restitution he should pay. Finding no reversible error, we affirm.

Bryant engaged in a pattern of misconduct in which he purchased homes and lived in them but did not make the necessary mortgage or rental payments. Whenever the seller attempted to foreclose on the property or evict him, Bryant would file a bankruptcy petition, staying the proceedings. In his final petition for bankruptcy, Bryant fraudulently represented that he had never filed for bankruptcy protection before, and he failed to list known creditors and judgments against himself. Bryant also obtained over $123,000 in business and consumer loans by fraudulently misrepresenting his assets and the length of time he had been in business.

We review the district court's decision to enhance Bryant's base offense level for obstruction of justice de novo, and we find no error. See United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). During the presentence interview, the probation officer asked Bryant if he had any arrests or convictions outside the State of North Carolina. Bryant responded that he was stopped for a traffic violation in Virginia but had no other arrests or convictions. The probation officer

_____

[1] **U.S. Sentencing Guidelines Manual** § 3C1.1 (1996).
[2] **U.S. Sentencing Guidelines Manual** § 3E1.1 (1996).

2

investigated and discovered that Bryant was convicted of fraud and escape in Virginia and was arrested for public intoxication, driving with a suspended license, and being a fugitive. Bryant served ninety days on the fraud and escape charges.

An enhancement for obstruction of justice is appropriate if the defendant willfully provides "materially false information to a probation officer in respect to a presentence or other investigation for the court."[3] Bryant claims that he simply forgot about the Virginia convictions. However, the probation officer testified that Bryant recalled prior offenses in detail. In addition, the district court found it incredible that Bryant would not remember spending ninety days in jail. We find that the district court's conclusion that Bryant willfully misadvised the probation officer concerning his out of state convictions was not clearly erroneous. Accordingly, we find that the district court properly enhanced Bryant's base offense level for obstruction of justice.

Since the enhancement for obstruction of justice was appropriate, a downward adjustment for acceptance of responsibility is only justified in exceptional circumstances.[4] Since we find no such circumstances here, the district court properly denied Bryant's motion.

We review the district court's calculation concerning the amount of the loss for clear error and its application of a loss enhancement to undisputed facts de novo. See United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995). The loss suffered focuses on the value of the money, property, or services unlawfully taken. [5] In the present case, we find no error in the district court's loss calculation or its application of the loss enhancement.

Bryant challenges the district court's inclusion of certain amounts owed to A.C. Jones in its loss calculation.[6] Jones sold a home to Bryant,[7]

_____

[3] USSG § 3C1.1, comment. (n.3(h)).
[4] See USSG § 3E1.1, comment. (n. 4).
[5] USSG § 2F1.1(b)(1), comment. (n. 7).
[6] We note that Bryant does not challenge the district court's calculation of the amount he owed Jones; he challenges only the inclusion of that amount in the total loss calculation.
[7] Jones financed the sale.

3

and, for three years, Bryant failed to make necessary mortgage and rental payments to Jones, despite agreeing to do so. Relying on United States v. Rothberg, 954 F.2d 217 (4th Cir. 1992), and United States v. Baum, 974 F.2d 496 (4th Cir. 1992), Bryant contends that the amounts owed to Jones should not be included in the amount of loss because any amounts paid before he reconveyed the deed to Jones would be classified as mortgage payments and because Jones did not suffer actual loss since Jones regained title to the property and could resell it.

We find Bryant's reliance on Rothberg and Baum misplaced. Those cases involved defendants who fraudulently obtained refinancing on their property. The records suggested that the defendants continued to make timely payments on the new loans, and the trial courts expressly found that the defendants did not intend for the lenders to suffer any loss. In the present case, however, there is no similar finding that Bryant did not intend to deprive Jones of the value of the property during the period in which he occupied the house. We find that the court properly calculated Jones' loss based on this value.

We will not disturb the district court's restitution order absent an abuse of discretion, and we find no such abuse here. See United States v. Blake, 81 F.3d 498, 505 (4th Cir. 1996). Repeating his argument concerning loss calculation, Bryant asserts that the restitution order should not include amounts owed Jones, especially the amount consisting of attorneys' fees and foreclosure costs. Bryant relies primarily on Merritt v. Ridge, 372 S.E.2d 559 (N.C. 1988), in which the North Carolina Supreme Court held that purchase money mortgagees were statutorily barred from recovering attorneys' fees and foreclosure expenses in foreclosure proceedings.

We find Bryant's reliance on Merritt misplaced. Merritt was a civil foreclosure proceeding to which the statute[8] expressly applied. The present case is a criminal proceeding in which Bryant was convicted of bankruptcy fraud. Restitution reimbursing Jones for the full value of his loss is authorized pursuant to 18 U.S.C.§ 3663A (1994) and USSG § 5E1.1.

_____

[8] N.C. Gen. Stat. § 45-21.38 (1996).

4

Accordingly, we affirm Bryant's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5