**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

HERNANDEZ DEVON MUMFORD, a/k/a
Fruit,
Defendant-Appellant.

No. 00-4088

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-99-37)

Submitted: August 30, 2000

Decided: September 11, 2000

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert J. McAfee, McCOTTER, McAFEE & ASHTON, P.L.L.C.,
New Bern, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hernandez Devon Mumford appeals from his conviction and sentence for assaulting a postmaster with intent to rob, and aiding and abetting, in violation of 18 U.S.C.A. §§ 2114(a), 2 (West Supp. 2000) (Count One), and using and carrying a firearm during and in relation to a violent crime, and aiding and abetting, in violation of 18 U.S.C.A. §§ 924(c), 2 (West Supp. 2000) (Count Two). The district court sentenced Mumford to a 100-month term of imprisonment on Count One and a consecutive sixty-month term of imprisonment on Count Two, and five years' supervised release. The district court further ordered Mumford to pay a $4,000 fine and restitution of $2,169.61. On appeal, Mumford claims insufficiency of the evidence such that the district court erred in denying his motion for judgment of acquittal, and also raises three sentencing issues. We affirm Mumford's conviction and sentence.

In evaluating a sufficiency of the evidence challenge, the jury verdict must be upheld if there exists substantial evidence, including circumstantial and direct evidence, to support the verdict, viewing the evidence most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), rather, the credibility of witnesses is within the sole province of the jury. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996); see also United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). This court may reverse a jury verdict only when there is a complete absence of probative facts to support the jury's conclusions, see Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983), and this court previously has held that even the uncorroborated testimony of an accomplice may be sufficient to sus-

2

tain a conviction. See United States v. Burns , 990 F.2d 1426, 1439 (4th Cir. 1993).

Mumford testified at trial that he never assisted anyone plan or commit the robbery, never handled the stolen money orders, and was home sleeping during the commission of the crimes charged. Our review of the record reveals ample contrary evidence that Mumford participated in every phase of these crimes, including planning the robbery, conducting surveillance on the Post Office prior to the robbery, discussing how to cash the stolen money orders, and obtaining the gun used in the robbery. Mumford's arguments that the government's witnesses were incredible or biased, or that there was ample evidence to support the finding that he was, at most, a "knowing spectator," do not form the basis of reversal. See Saunders, 886 F.2d at 60; United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989).

Mumford also alleges error in the calculation of the amount of loss, claiming that the district court's assignment of a $100 value per unrecovered blank money order was speculative. The district court's determination of the amount of loss is a factual issue reviewed under the clearly erroneous standard. See United States v. Rothberg, 954 F.2d 217, 219 (4th Cir. 1992). Based on the evidence presented at trial as to the full value for which each of the forty-three money orders could have been cashed, including the profit gained from the money orders which were negotiated, the least of which was $100, we find no clear error in the district court's conservative assessment of the value of loss.

Mumford next claims entitlement to a role reduction because he was a minor participant in the offense. We find that the district court's findings that Mumford was actively involved in the planning of the Count One offense and in obtaining the gun used in the robbery were fully supported by the evidence.

Mumford's final claim, that the district court erred in its determination that he committed perjury at trial, is reviewable for plain error because Mumford failed to lodge this objection in the district court. See United States v. Olano, 507 U.S. 725, 732-37 (1993). We have reviewed the district court's findings concerning the obstruction of

3

justice enhancement and find no clear error in its compliance with United States v. Dunnigan, 507 U.S. 87 (1993).

Accordingly, we affirm Mumford's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4