**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 04-4701

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNY ELLIS, a/k/a C. Duain Ellis, a/k/a Duain
C. Ellis,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry M. Herlong, Jr., District
Judge.  (CR-04-450)

───────────

Submitted:  September 14, 2005      Decided:  October 31, 2005

───────────

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

───────────

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Kevin Frank McDonald, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Denny Ellis appeals his sentence of twenty-four months in prison and three years of supervised release after pleading guilty without a plea agreement to one count of falsely representing a number to be his social security number in violation of 42 U.S.C. § 408(a)(7)(B) (2000). Ellis's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but raising the issue of whether the district court committed plain error in determining the loss amount under the sentencing guidelines when it failed to apply a credit against the loss for the amount of collateral pledged or otherwise provided by Ellis. Ellis filed pro se supplemental briefing further addressing this issue and raising the issue of whether his sentence constituted plain error under United States v. Booker, 125 S. Ct. 738 (2005).[1] We affirm Ellis's conviction but vacate his sentence and remand for resentencing.

Because Ellis raised no objection at sentencing, we review only for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). "We review *de novo* the district court's legal interpretation of the term 'loss' under the Sentencing Guidelines, but 'to the extent that the determination of the amount of loss is a factual matter, we review only for clear error.'" United

---

[1]The Government elected not to file a brief.

- 2 -

States v. Castner, 50 F.3d 1267, 1274 (4th Cir. 1995) (citations omitted).  To the extent the district court's determination of Ellis's sentence under the former mandatory guidelines system was based on facts not established by his plea of guilty or admitted by him, we will find plain error if the district court could not have imposed the sentence it did without exceeding the relevant Sixth Amendment limitation.  See Hughes, 401 F.3d at 550-51.

Under United States Sentencing Guidelines Manual ("USSG") § 2B1.1 app. n.3(A) (2003), "loss is the greater of actual loss or intended loss."  Where there is a common scheme or course of conduct, the cumulative loss should be used in determining the offense level, regardless of the number of counts of conviction. USSG § 2B1.1 app. n.17.  We have held "that the amount recovered or reasonably anticipated to be recovered from collateral that secures a loan should be considered in calculating the amount of actual loss."  United States v. Rothberg, 954 F.2d 217, 219 (4th Cir. 1992); see also USSG § 2B1.1 app. n.3(E)(ii).

In this case, Ellis acknowledged at his change of plea hearing that the loss amounts from dismissed counts could be considered for guideline and restitution purposes, and he cooperated with the Government in determining the loss amounts involved.[2]  Based on those figures, the actual loss under the

_____

[2]We agree with Ellis that the record does not reflect any agreement to forego a credit under USSG § 2B1.1 app. n.3(E)(ii).

guidelines was $64,182.07.  However, the district court determined his sentence based on a loss amount of $134,450.35, without the required reduction for recovery of collateral.  Ellis's counsel suggests that "[b]ecause it is not clear that Ellis intended to repay the banks and keep them from suffering any loss, the district court did not commit error in failing to reduce the guideline loss amount by the value of the recovered collateral."  However, while the district court could have determined that Ellis's intended loss exceeded the actual loss, no such finding appears anywhere in the record.  Moreover, to the extent the district court made such a finding, it would be based on facts not established by Ellis's plea of guilty or admitted by him.

In accordance with Anders, we have reviewed the entire record in this case and find no basis upon which Ellis's conviction can be attacked.  We conclude, however, that the district court plainly erred in sentencing Ellis based on a loss exceeding the actual loss amount of $64,182.07.  Accordingly, we affirm Ellis's conviction, but vacate his sentence and remand for resentencing.[3]

---

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

§ 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range . . . and reasonable." <u>Id.</u> at 546-47.