UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 94-5938

SANDRA M. SKEEN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 94-5955

ROBERT L. PEELER, SR.,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-93-165)

Submitted: May 21, 1996

Decided: June 3, 1996

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Oscar William Bannister, Jr., D. Garrison Hill, HILL, WYATT,
BANNISTER & BROWN, L.L.P., Greenville, South Carolina;

Albert Q. Taylor, Jr., TAYLOR & HENRY, Greenville, South Carolina, for Appellants. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Peeler, Sr., and Sandra Skeen appeal from their convictions of making material false statements on loan applications with banks insured by the FDIC (18 U.S.C.A. §§ 1014, 2) (West 1976 & Supp. 1996) (Counts One through Nine) and knowingly and fraudulently withholding documents relating to a debtor's assets from the bankruptcy trustee (18 U.S.C.A. § 152) (West 1969 & Supp. 1996) (Count Ten). Peeler also appeals from his conviction of withholding, concealing, and falsifying certain bankruptcy records (18 U.S.C. § 152) (Count Eleven). Their attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting three issues regarding sentencing but stating that, in his view, there are no meritorious issues for appeal. Peeler and Skeen were both notified of their right to file supplemental pro se briefs. Only Peeler has done so.

Peeler owned Carolina Leasing, Inc., an automobile leasing company, and Skeen served as its vice president and office manager. Carolina Leasing filed for bankruptcy under Chapter 11 of the Bankruptcy Code in August 1991. During the course of those proceedings, the bankruptcy trustee found a number of irregularities in Carolina Leasing's finances. An investigation by the United States Attorney and the FBI ultimately resulted in a twelve-count indictment against Peeler and Skeen (the Defendants).**1**

_____

**1** Count Twelve was dismissed on motion of the Government prior to trial.

The indictment charged the Defendants with submitting false loan applications to FDIC-insured banks (Counts One through Nine) by (1) misrepresenting that vehicles pledged as collateral were unencumbered when, in fact, they had been pledged as collateral to another financial institution; (2) submitting falsified lease agreements to pledge as security for loans on vehicles; (3) submitting falsified purchase agreements for certain vehicles; and (4) overstating the value of vehicles pledged as security. The indictment also charged the Defendants with fraudulently withholding from the bankruptcy trustee certain books and records of Carolina Leasing (Count Ten). Finally, the Defendants were charged with fraudulently concealing from the trustee and creditors of the estate the diversion of assets from the bankruptcy estate. A jury convicted Peeler on all counts; Skeen was convicted of Counts One through Ten. Peeler was sentenced to sixty-three months imprisonment on Counts One through Nine, and sixty months imprisonment on Counts Ten and Eleven, to be served concurrently. Skeen was sentenced to forty months imprisonment. Both have timely appealed.

Peeler's and Skeen's counsel first challenges the amount of loss attributable to them in determining their sentences. Under USSG § 2F1.1**2** (Fraud and Deceit), each of the Defendants was assigned a base offense level of six. Pursuant to § 2F1.1(b), the specific offense characteristics, the offense level is increased according to the monetary loss involved. "Loss," as the term is used in the guidelines, includes "intended, probable, or otherwise expected loss." United States v. Baum, 974 F.2d 496, 499 (4th Cir. 1992). In bank fraud cases, loss is measured as the potential consequences of default, rather than the amount of the loan, less the value of any security interest and any payments made by the defendant. Id.; see also United States v. Rothberg, 954 F.2d 217 (4th Cir. 1992). The district court's determination of the amount of loss is reviewed for clear error. Id. at 219.

The government produced detailed evidence at the sentencing hearing to support the district court's finding that Peeler was responsible for an actual loss of $5,624,408.82. Finding that Skeen was slightly less culpable than Peeler, the district court determined that she was

_____

**2** United States Sentencing Commission, Guidelines Manual (Nov. 1990).

3

responsible for an actual loss of between $2,500,000 and $5,000,000. Our review of the record reveals that the district court did not clearly err in these findings.

Second, counsel raises two claims regarding Skeen's sentence: the district court's denial of her request for a two-point reduction for acceptance of responsibility (USSG § 3E1.1) and the denial of her request for a two-point reduction for minimal role in the offense (USSG § 3B1.2). The adjustment for acceptance of responsibility is not intended to apply to a defendant who contests his factual guilt at trial. U.S.S.G. § 3E1.1, comment. (n.2). See United States v. Muldoon, 931 F.2d 282 (4th Cir. 1991) (absent rare circumstances, USSG § 3E1.1 precludes a downward adjustment for acceptance of responsibility where a defendant exercises his constitutional right to a trial). Moreover, the burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir.), cert. denied, 493 U.S. 943 (1989). Whether the reduction is warranted "is primarily a factual question, and due deference for the sentencing court requires an appellate court to accept its findings unless they are clearly erroneous." United States v. Cusack , 901 F.2d 29, 31 (4th Cir. 1990). The district court denied Skeen's request primarily on the grounds that she had not accepted responsibility prior to the sentencing hearing. Because timeliness of admission of responsibility is a factor which the district court may consider, United States v. Jones, 31 F.3d 1304 (4th Cir. 1994), and because Skeen did not unambiguously acknowledge her criminal conduct, United States v. Castner, 50 F.3d 1267, 1280 (4th Cir. 1995), the district court did not clearly err in denying her the adjustment.

Second, Skeen's counsel claims that the district court erred in denying her an adjustment for being a minimal participant, USSG § 3B1.2. A minimal participant is among the least culpable of those involved, as shown by his lack of understanding of the scope and structure of the activities of the others involved. USSG § 3B1.2, comment. (n.1). The "critical inquiry is whether the defendant's conduct is material or essential to commission of the offense." United States v. Palinkas, 938 F.2d 456 (4th Cir. 1991), vacated, 503 U.S. 931 (1992), reinstated, 977 F.2d 905 (4th Cir. 1992). The district court's determination of whether the defendant had a minimal or minor role

4

is essentially a factual question, reviewed for clear error. <u>United States v. Daughtrey</u>, 874 F.2d 213, 218 (4th Cir. 1989). The evidence at trial established that Skeen was involved in all aspects of the day-to-day running of Carolina Leasing, that she shared an office with Peeler, and that the two of them had worked together for fifteen years. Accordingly, we will not disturb the district court's finding that Skeen was neither a minor or minimal participant in the offenses.

Peeler has filed a supplemental pro se brief raising five broad claims. First, Peeler alleges that the district court judge displayed "prejudicial and biased conduct" during the trial and that his motions for a mistrial and for a new trial on those grounds were improperly denied. Our review of the transcript of the trial reveals no excessive intervention by the judge, <u>Anderson v. Warden, Md. Penitentiary</u>, 696 F.2d 296 (4th Cir. 1982), or any improper commentary on the evidence, <u>United States v. Tello</u>, 707 F.2d 85 (4th Cir. 1983). Accordingly, we find these claims to be without merit.

Second, Peeler alleges that several of the government's witnesses were "biased and influenced" through various "favors" and "preferential treatment" issued by the banks and the bankruptcy trustee. Again, our review of these claims and the evidence submitted by Peeler in support thereof reveals that these claims are without merit.

Third, Peeler raises a number of claims alleging that he was denied effective assistance of counsel. Because ineffective assistance does not conclusively appear on the face of the record, however, Peeler's ineffective assistance claims must be brought by motion under 28 U.S.C. § 2255 (1988) and not on direct appeal. <u>United States v. Fisher</u>, 477 F.2d 300, 302 (4th Cir. 1973); <u>see also United States v. DeFusco</u>, 949 F.2d 114, 120 (4th Cir. 1991), <u>cert. denied</u>, 503 U.S. 997 (1992).

Peeler's fourth claim is entitled "Evidentiary Facts and Findings," but points to no specific evidentiary rulings by the district court. Rather, Peeler makes four statements explaining facts adduced at his trial, none of which states a claim.

Finally, Peeler claims that the district court improperly overruled his objections to the amount of loss as calculated in the presentence

5

report. We have already concluded that the district court's finding on this issue was not clearly erroneous; accordingly, these claims are without merit.

In accordance with <u>Anders</u> we have examined the entire record in these cases and find no other meritorious issues for appeal. We therefore affirm the convictions and sentences. This court requires that counsel inform his clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6